The question certified to us is as follows:
 "The controlling question of law is the degree of proof necessary to establish the essential element of proximate causation in a medical malpractice/wrongful death action against a psychiatrist for the suicide of that psychiatrist's patient and whether the plaintiff in this case has met that requisite degree of proof."
I believe that the answer to the first question is that the degree of proof required is substantial evidence. I do not believe the second question can be answered adequately without an elaboration of those elements that must be proven by substantial evidence.
I concur with the main opinion that the plaintiff in a medical-malpractice action against a psychiatrist alleging the wrongful death of a patient by suicide must prove by substantial evidence the applicable standard of care, that the psychiatrist breached that standard of care, and that the breach proximately caused the patient's death. Alabama Medical Liability Act, §6-5-548(a), Ala. Code 1975; Lyons v. Walker Reg'l Med.Ctr., 791 So.2d 937 (Ala. 2000). I also agree with the main opinion that
 "[t]he trial court in its order denying the defendants' motion for a judgment as a matter of law blurred the distinction between the different elements necessary to establish medical malpractice when it stated, based on Keebler and Keeton:
`Alabama law bases proximate causation in suicide cases on the foreseeability of the decedent's suicide.'"
958 So.2d at 312. I do not see in the record an explication of what the applicable — national — standard of care is; therefore, the statement by the plaintiffs expert that Dr. Patton's treatment was a breach of that standard is without adequate basis. I also do not find testimony indicating that Dr. Patton's treatment caused Ellis's suicide.
Even if Dr. Patton's treatment fell below the applicable standard of care, it is not sufficient to say that there was a breach of the standard of care "and" that the patient committed suicide. In other circumstances, liability for a negligent breach of *Page 314 
the applicable standard of care requires the demonstration of causation, not simply a showing of temporal proximity.Bradley v. Miller, 878 So.2d 262, 266 (Ala. 2003)(" `To prove liability in a medical malpractice case, the plaintiff must prove (1) the appropriate standard of care, (2) the doctor's deviation from that standard, and (3) a proximate causal connection between the doctor's act or omission constituting the breach and the injury sustained by the plaintiff.'"). The suicide may have been unrelated to the breach.
I agree with the main opinion that "`Rule 5 is not a vehicle by which to obtain review of "significant and unresolvedfactual issues"'"; however, in this case, the plaintiff failed to establish what the national standard of care is. Therefore, in answer to the second question presented, namely, "whether the plaintiff in this case has met that requisite degree of proof," I would conclude that the plaintiff has not.